UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | | |
|---|---|---|
| CRAIG V., | | |
| | Plaintiff, | **DECISION** |
| | | **and** |
| v. | | **ORDER** |
| | | |
| ANDREW M. SAUL, Commissioner of | | 19-CV-1436F |
|   Social Security, | | (**consent**) |
| | Defendant. | |

_____

APPEARANCES:          LAW OFFICES OF KENNETH R. HILLER
                     Attorneys for Plaintiff
                     KENNETH R. HILLER, and
                     MELISSA MARIE KUBIAK, of Counsel
                     6000 North Bailey Avenue
                     Suite 1A
                     Amherst, New York  14226

                     JAMES P. KENNEDY, JR.
                     UNITED STATES ATTORNEY
                     Attorney for Defendant
                     Federal Centre
                     138 Delaware Avenue
                     Buffalo, New York  14202
                             and
                     FRANCIS D. TANKARD, and
                     TROY PRATTEN
                     Special Assistant United States Attorneys, of Counsel
                     Social Security Administration
                     Office of General Counsel
                     601 E. 12th Street, Room 965
                     Kansas City, Missouri  64106


## JURISDICTION

On October 14, 2020, the parties to this action consented pursuant to 28 U.S.C.

§ 636(c) to proceed before the undersigned.  (Dkt. 16).  The matter is presently before

the court on motions for judgment on the pleadings filed by Plaintiff on May 21, 2020

(Dkt. 9), and by Defendant on September 18, 2020 (Dkt. 14).

## **BACKGROUND**

Plaintiff Craig V. ("Plaintiff"), brings this action seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's applications filed with the Social Security Administration ("SSA"), on May 18, 2012, for Social Security Disability Insurance ("SSDI") under Title II of the Act, and for Supplemental Security Income ("SSI") under Title XVI of the Act ("disability benefits").  Plaintiff alleges he became disabled on April 5, 2012, based on a herniated disc in his back and tendinitis of the wrist.  AR[1] at 254, 804.  Plaintiff's applications initially were denied on August 6, 2012, AR at 67-74, 84-91, and at Plaintiff's timely request, AR at 92-93, on July 24, 2014, a hearing was held in Buffalo, New York before administrative law judge ("ALJ") Eric L. Glazer ("ALJ Glazer").  AR at 28-66 ("first administrative hearing").  Appearing and testifying at the first administrative hearing via video conference from Jamestown, New York were Plaintiff, represented by Clyde W. Card, Esq.

On October 21, 2014, ALJ Glazer denied Plaintiff's claims, AR at 10-27 ("ALJ Glazer's decision"), and Plaintiff timely filed a request for review of ALJ Glazer's decision by the Appeals Council, AR at 6-9.  On June 22, 2016, the Appeals Council denied Plaintiff's request for review of ALJ Glazer's decision, AR at 1-4, thereby making ALJ Glazer's decision the Commissioner's final determination on the claim.  On August 18, 2016, Plaintiff commenced his first action in this court challenging the

---

[1] References to "AR" are to the CM/ECF-generated page number of the Administrative Record Defendant electronically filed in three parts on January 22, 2020 (Dkts. 4, 4-1, 4-2).

Commissioner's determination on the first claim. *Vicario v. Colvin*, 16-CV-667M (W.D.N.Y.) ("first legal action"). On June 28, 2018, United States Magistrate Judge Jeremiah J. McCarthy ("Judge McCarthy"), issued a Decision and Order in the first legal action, finding ALJ Glazer failed to develop the record with regard to Plaintiff's asserted mental impairment, and fully address Plaintiff's left elbow condition and the effects of Plaintiff's obesity on his ability to perform work, *Vicario v. Colon*, 2013 WL 2245457, at * 10-13 (W.D.N.Y. May 21, 2013), with judgment in Plaintiff's favor entered August 22, 2018, and the matter remanded for further administrative proceedings. AR at 886, 889-901. On September 20, 2018, the Appeals Council issued a Remand Order vacating ALJ Glazer's decision and remanded the matter for further proceedings consistent with this court's order including a new administrative hearing. AR at 903-06.

In accordance with the Appeals Council's remand order, on June 13, 2019, an administrative hearing was held in Buffalo, New York conducted by ALJ Melissa Lin Jones ("ALJ Jones"), AR at 827-63, at which Plaintiff, represented by Zachary Zabawa, Esq. appeared and testified via videoconference from Jamestown, New York, with testimony also taken from vocational expert Jay Steinbrenner ("the VE"). On July 3, 2019, ALJ Jones issued an unfavorable opinion ("ALJ Jones's decision") AR at 804-19. Plaintiff did not file for review by the Appeals Council, but on October 25, 2019, commenced the instant action seeking judicial review of ALJ Jones's decision.

On May 21, 2020, Plaintiff moved for judgment on the pleadings (Dkt. 9) ("Plaintiffs' Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 9-1) ("Plaintiff's Memorandum"). On September 18, 2020, Defendant moved for judgment on the pleadings (Dkt. 14) ("Defendant's

3

Motion"), attaching Commissioner's Brief in Response Pursuant to Local Civil Rule 5.5 for Social Security Cases (Dkt. 14-1) ("Defendant's Memorandum"). Filed on October 9, 2020 was Plaintiff's Reply to Commissioner's Memorandum in Support (Dkt. 15) ("Plaintiff's Reply"). Oral argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

## **FACTS**[2]

Plaintiff Craig V. ("Plaintiff"), born November 4, 1978, was 33 years old when he initially applied for disability benefits on May 18, 2012, and 40 years old as of July 3, 2019, the date of ALJ Jones's decision. In 2012, Plaintiff obtained a graduate equivalent degree, never attended special education classes, and has not completed any type of specialized job training or vocational school. AR at 255. Plaintiff's work history includes as a newspaper delivery person, a stock person and, most recently, as a general laborer, the job at which Plaintiff last worked before applying for disability benefits. AR at 255. Plaintiff received primary care through Family Health Medical Services, PLLC ("Family Health"). AR at It is undisputed that Plaintiff's severe impairments include a disorder of the left elbow, disorders of the back, obesity, sleep apnea with restless leg syndrome, and headaches. It is further undisputed that on September 27, 2017, Plaintiff commenced work as a truck driver, earning income in excess of the statutory threshold for disability benefits, such that Plaintiff seeks disability benefits for the closed period April 5, 2012 to September 27, 2017. AR at 806-07.

---

[2] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

4

**DISCUSSION**

**1.     Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).

In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted).  "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id*.  It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence.  *Id*.  "Congress has

instructed . . . that the factual findings of the Secretary,[3] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982). "Under this 'very deferential standard of review,' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'" *Bonet ex rel. T.B. v. Colvin*, 523 Fed.Appx. 58, 58-59 (2d Cir. 2013) (quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics in original). Indeed, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*." *Bonet ex rel. T.B.*, 523 Fed.Appx. at 59.

**2.     Disability Determination**

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits. *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a). The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). The five steps include (1) whether the plaintiff is currently engaged in substantial gainful activity, 20 C.F.R. § 404.1520(b) and § 416.920(b); (2) whether the plaintiff has at least one severe impairment limiting his mental or physical ability to perform basic work activity, 20 C.F.R. § 404.1520(c) and § 416.920(c); (3) whether the plaintiff's severe impairments, considered together, meet or equal a listing in 20 C.F.R. Part 404, Subpt. P, Appendix 1 of the regulations, and meet the duration requirement of at least

---

[3] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

12 continuous months, 42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d), (4) whether the plaintiff, despite his collective impairments, retains the "residual functional capacity ("RFC") to perform his past relevant work ("PRW"), 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and (5) if the plaintiff cannot perform his PRW, whether any work exists in the national economy for which the Plaintiff, given the applicant's age, education, and past work experience, "retains a residual functional capacity to perform. . . ." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).

In the instant case, the only issues before the court are whether ALJ Jones properly evaluated Plaintiff's diagnosed fibromyalgia at step two when she found it was not a medically determinable impairment, Plaintiff's Memorandum at 16-20, and, if so, whether such error was harmless. *Id*. at 20-21. In opposition, Defendant argues the ALJ fully complied with Social Security Ruling ("SSR")[4] 12-2p, *Titles II and XVI: Evaluation of Fibromyalgia*, 77 Fed.Reg. 43640-01, *available at* 2012 WL 3104869 (SSA July 25, 2012) ("SSR 12-2p"), setting forth the framework for evaluating claims of fibromyalgia, Defendant's Memorandum at 12-15, but that even if the ALJ's consideration was erroneous, such error was harmless. *Id*. at 15-16. In reply, Plaintiff

---

[4] "SSR" refers to Social Security Rulings which are agency rulings "published under the authority of the Commissioner of Social Security and are binding on all components of the Administration. These rulings represent precedent final opinions and orders and statements of policy and interpretations that [the SSA] ha[s] adopted." 20 C.F.R. § 402.35(b)(1).

7

"relies on the original arguments and authority contained" in Plaintiff's Memorandum. Plaintiff's Reply at 1. There is no merit to Plaintiff's arguments.

As stated, Discussion, *supra*, at 7, at step two the ALJ must determine whether the claimant has a medically determinable impairment or combination of impairments that is "severe," meaning limiting his mental or physical ability to perform basic work activity. 20 C.F.R. § 404.1520(c) and § 416.920(c). To establish fibromyalgia as a severe impairment, the evidence must show not only a medical diagnosis of fibromyalgia, but also

> 1. A history of widespread pain – that is, pain in all quadrants of the body (the right and left sides of the body, both above and below the waist) and axial skeletal pain (the cervical spine, anterior chest, thoracic spine, or low back) – that has persisted (or that persisted) for at least 3 months. The pain may fluctuate in intensity and may not always be present.
> 2. At least 11 positive tender points[5] on physical examination . . . . The tender points must be found bilaterally (on the left and right sides of the body) and both above and below the waist.
> * * *
>   b. In testing the tender-point sites, the physician should perform digital palpation with the approximate force of 9 pounds. . . . The physician considers a tender point to be positive if the person experiences any pain when applying this amount of pressure to the site.
> 3. Evidence that other disorders that could cause the symptoms or signs were excluded. . . .

SSR 12-2p, Policy Interpretation II.A.1-3, 77 Fed.Reg. 43641.

Here, although Plaintiff's medical records include references to Plaintiff reporting or exhibiting pain, tenderness, weakness, numbness, and tingling, see Plaintiff's Memorandum at 18-19 (listing 19 such reports), even if such reports could be

---

[5] SSR 12-2p identifies 18 total tender points, including the occiput (base of the skull), low cervical spine (back and side of neck), trapezius muscle (shoulder), supraspinatus muscle (near the shoulder blade), second rib (top of rib cage near the sternum or breast bone),lateral epicondyle (outer aspect of the elbow), gluteal (top of the buttock), greater trochanter (below the hip), and inner aspect of the knee. SSR 12-2p, Policy Interpretation II.A.2.a, 77 Fed.Reg. 43641.

interpreted as referring to "tender points" based on the application of 9 lbs. of pressure, the reports do not refer to at least 11 positive tender points as identified in SSR 12-2p, but, rather, at most only nine including the gluteal (AR at 307, right/left or both not specified), both elbows (AR at 594, 648, 655, 759, 1422-24), left shoulder (AR at 655), bilateral knees (AR at 1135), and cervical spine (AR at 1522, 1678-79, back and/or side of neck not specified), such that the record fails to establish the requisite 11 of 18 tender points, as well as that other disorders that could cause such symptoms were excluded.

Nor was the ALJ required to contact Plaintiff's treating sources to obtain more information regarding whether Plaintiff's symptoms meet SSR 12-2p's criteria for fibromyalgia because the ALJ specifically states she considered the medical evidence of record and failed to find the criteria met. Plaintiff does not point to sufficient evidence establishing otherwise, as is his burden. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4) (providing the burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step); *Burgess*, 537 F.3d at 128 (same). Furthermore, because ALJ Jones's determination that Plaintiff's fibromyalgia is not a severe impairment is supported by substantial evidence in the record, there were no limiting effects posed by Plaintiff's fibromyalgia that the ALJ was required to consider.

Accordingly, ALJ Jones's finding that Plaintiff was not disabled between April 5, 2012, his application date, and September 1, 2017 when Plaintiff resumed SGA is supported by substantial evidence in the record.

**CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 9) is DENIED; Defendant's Motion (Dkt. 14) is GRANTED.  The Clerk of Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:  March 9th, 2021
Buffalo, New York